1  Brian H. Song, Esq. (SBN188662)
   briansong@songleelaw.com
2  **SONG & LEE, LLP**
   4633 Old Ironsides Dr., Ste. 260
3  Santa Clara, CA 95054
   Tel: 408.748.3308
4  Fax: 408.748.3309

5  Attorneys for Creditor
   West Coast Quartz Corporation

6

7

8              **IN THE UNITED STATES BANKRUPTCY COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN JOSE DIVISION**

11

12  In re                               Lead Case No.: **15-BK-51108**
    SALAZAR, KENNETH DUANE &            **(CHAPTER 7)**
13  SALAZAR, DOLORES ANN,

14        Debtor(s)                     ADVERSARY PROCEEDING

15  _____    (COMPLAINT OBJECTING TO
                                         DISCHARGE OF DEBTS)
16  WEST COAST QUARTZ
    CORPORATION, a California
17  corporation,

18        Plaintiff,

19        v.

20  SALAZAR, KENNETH DUANE &
    SALAZAR, DOLORES ANN,
21
          Debtors,
22

23

24  _____

25

26        **COMPLAINT OBJECTING TO DISCHARGE OF DEBTS**

27

28

Plaintiff West Coast Quartz Corporation, creditor in the above-captioned bankruptcy case, by and through its counsel of record, Brian H. Song, Esq. of SONG & LEE, LLP, hereby files this Complaint Objecting to Discharge of Debts pursuant to 11 U.S.C. § 523(a)(4) and (6):

## PARTIES

1.       Plaintiff West Coast Quartz Corporation ("WCQ") is a California corporation located at 1000 Corporate Way, Fremont, California and is engaged in manufacturing and distributing high purity quartz, silicon, ceramic, graphite and silicon carbide that are used in manufacturing of integrated circuits, memory and logic chips and similar and related products. WCQ was established in 1981 and currently employs more than 150 employees at the Fremont facility alone.

2.       Defendants Kenneth and Dolores Salazar, husband and wife, (collectively, "Debtors") are, and were at all times relevant herein, officers and directors of Valley Processing Service ("VPS").  Debtors also held over 91% stock of VPS with the remainder being held by his brother, Kevin Salazar.  VPS is a construction firm, specialized in facility upgrades for high-tech manufacturing plants.

3.       In December, 2011, WCQ entered into a construction agreement under the terms of which VPS agreed to perform certain improvement works on the facility that WCQ owns. The parties amended the construction agreement in March and May, 2012 (as amended, the "Construction Agreement").

4.       Under the construction agreement as amended, WCQ paid the total sum of approximately $2,123,719 (the "Funds") based on various representations made by VPS.  As part of the terms of the Construction Agreement, WCQ entrusted the Funds, a substantial portion of which was due to its own subcontractors and VPS was not entitled to, having no legal or beneficial interests therein.  The portion of the Funds belonging to WCQ designated as payments to subcontractors herein after is referred to the "Entrusted Sum"; the Entrusted Sum belonged to WCQ and it was entrusted to VPS for distribution to the subcontractors.

5.       By representing that VPS would receive the Funds inclusive of the Entrusted Sum

Case: 15-05081    Doc# 1    Filed: 07/13/15    Entered: 07/13/15 11:46:14    Page 2 of 8
In re Salazar

SONG & LEE, LLP
4633 OLD IRONSIDES DR., STE. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

and disburse to the subcontractors, and in fact receiving the Funds, VPS became the trustee of the Entrusted Sum with the obligation to disburse to the subcontractors or return the same to WCQ.

6. To wit, VPS acted as a fiduciary to see to it that its subcontractors, whom VPS hired in carrying out its duties under the Construction Agreement, would get paid the Entrusted Sum out of the Funds for their own works in accordance with the construction schedules and the remainder to be returned to WCQ.

7. WCQ is entitled to relief herein alleged against Defendants Kenneth Salazar and Dolores Salazar because their wrongdoings herein alleged are their personal and individual actions outside the scope of their employment and duties. Defendants Kenneth Salazar and Dolores Salazar using their positions and offices as the directors, officers, and 91% owner of VPS caused VPS to convert and misappropriate and/or converted and misappropriated the Entrusted Sum. The other stockholder, Kevin Salazar holding 9% of the outstanding stock of VPS, were completely kept in dark, never given a chance to learn of the existence of the Entrusted Sum, review the illegal activities of misappropriating and converting the same nor to object to the illegal activities concerning the same. In doing so, Defendants Kenneth Salazar and Dolores took individual actions in their individual capacities, beyond the powers of the corporation VPS was legally permitted to do. In sum, Defendants Kenneth and Dolores Salazar misappropriated and converted the Entrusted Sum as individuals, having no authorities to commit such actions.

8. Alternatively, WCQ is entitled to relief herein alleged against Defendants Kenneth and Dolores Salazar in that WCQ has the right of equitable subrogation. VPS and its subcontractors suffered losses which Defendants Kenneth and Dolores Salazar caused through their acts of conversion and misappropriation. WCQ benefited and compensated VPS and the subcontractors, respectively, in the amount of approx. $475,000 with cash and further promissory notes. WCQ is thus equitably subrogated to any and all rights of VPS and the subcontractors under California law of equitable subrogation.

SONG & LEE, LLP
4633 OLD IRONSIDES DR., STE. 260
SANTA CLARA, CA 95054
TEL.: (408)748-3308; FAX: (408)748-3309

Case: 15-05081   Doc# 1   Filed: 07/13/15   Entered: 07/13/15 11:46:14   Page 3 of 8

9. Alternatively, WCQ is entitled to relief as alleged against Defendants because VPS was a mere alter ego of Defendants Kenneth and Dolores Salazar. While ostensibly having another shareholder in Kevin Salazar, Defendants Kenneth and Dolores Salazar completely dominated and controlled the management of VPS, completely shutting out Kevin Salazar from the corporate governance. There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants and VPS, such that any individuality and separateness between Defendants Kenneth and Dolores Salazar, one or more of them individually or jointly, and VPS have ceased, and each of the VPS are the alter ego of Defendants Kenneth and Dolores Salazar in that: each of VPS is, and at all times herein mentioned was, a mere shell and sham without capital, assets, stock or stockholder; VPS was conceived, intended, and used by Defendants Kenneth and Dolores Salazar as a device to avoid individual liability and for the purpose of substituting a financially insolvent corporation in the place of Defendants Kenneth and Dolores Salazar; at no time after VPS became incorporated was any stock authorized to be issued or issued, nor has any permit for issuance of stock been applied for with the Commissioner of Corporation; VPS is, and at all times herein mentioned was, the alter ego of Defendants Kenneth and Dolores Salazar and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between the Defendants such that any separateness has ceased to exist, in that Defendants Kenneth and Dolores Salazar used assets of the corporation for his personal uses, caused assets of the corporation to be transferred to them without adequate consideration, and withdrew funds from the corporation's bank accounts for their personal use; Defendants Kenneth and Dolores Salazar completely controlled, dominated, managed, and operated both VPS and intermingled the assets of each to suit the convenience of Defendants Kenneth and Dolores Salazar; each of VPS is, and at all times herein mentioned was, a mere shall, instrumentality, and conduit through which Defendants Kenneth and Dolores Salazar carried on their restaurant businesses in the corporate name exactly as they had conducted it prior to incorporation, exercising complete control and dominance of such business to such an extent that any individuality or separateness of VPS and Defendants Kenneth and

SONG & LEE, LLP
4633 OLD IRONSIDES DR., STE. 260
SANTA CLARA, CA 95054
TEL.: (408)748-3308; FAX: (408)748-3309

Dolores Salazar does not, and at all times herein mentioned did not, exist; and the activities and business of VPS were carried out without the holding of directors' or shareholders' meetings, no records or minutes of any corporate proceedings were maintained, and Defendants Kenneth and Dolores Salazar entered into personal transactions with VPS without the approval of other directors or shareholders.

10.     Adherence to the fiction of the separate existence of the VPS as an entity distinct from Defendants Kenneth and Dolores Salazar would permit an abuse of the corporate privilege and would sanction fraud or promote injustice in that: Defendants Kenneth and Dolores Salazar caused VPS to deal with Plaintiff while depleting and bankrupting the assets of VPS and further inducing Plaintiff to transact with VPS and placing Plaintiff in an unacceptable risk. .

## JURISDICTION & VENUE

11.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(j).

## FIRST COUNT

### Exception to Discharge under  523(A)(4)

(Against Both Kenneth and Dolores Salazar)

12.     Plaintiff hereby re-alleges and incorporates the allegations stated in Paragraphs 1-10 by reference with equal force as if fully set forth herein below.

13.     Exception to discharge is proper under 11 U.S.C. § 523(a)(4) to the extent of the Entrusted Sum, the amount of which could be as large as $2,123,719.  As fiduciaries, Defendants Kenneth and Dolores Salazar bears the burden to account for the Funds, and properly account for the Entrusted Sums.

14.     Defendants Kenneth and Dolores Salazar was acting as fiduciaries in respect of the Entrusted Sum.

15.     Defendant Kenneth and Dolores Salazar misappropriated, converted, and/or defalcated the Entrusted Sum for their own use and enjoyment in breach of the fiduciary duty.

SONG & LEE, LLP
4633 OLD IRONSIDES DR., STE. 260
SANTA CLARA, CA 95054
TEL.: (408)748-3308; FAX: (408)748-3309

**SECOND COUNT**

**Exception to Discharge under  523(a)(6)**

(Against Both Kenneth and Dolores Salazar)

16.     Plaintiff hereby re-alleges and incorporates the allegations stated in Paragraphs 1-10 by reference with equal force as if fully set forth herein below.

17.     Exception to discharge is proper under 11 U.S.C. § 523(a)(6) because Defendants Kenneth and Dolores Salazar converted and/or misappropriate the Entrusted Sum, willfully and maliciously injuring WCQ's property rights.

**THIRD COUNT**

**Accounting**

(Against Both Kenneth and Dolores Salazar)

18.     Plaintiff hereby re-alleges and incorporates the allegations stated in Paragraphs 1-16 by reference with equal force as if fully set forth herein below.

19.     The amount of money due from Defendants Kenneth and Dolores Salazar is unknown to Plaintiff and cannot be ascertained without an accounting of the receipt and disbursement of the Funds and the Entrusted Sum.   The amount owed is not less than approximately $548,000.

**FOURTH COUNT**

**Imposition of Trust**

(Against Both Kenneth and Dolores Salazar)

20.     Plaintiff hereby re-alleges and incorporates the allegations stated in Paragraphs 1-10 by reference with equal force as if fully set forth herein below.

21.     At the time Defendants Kenneth and Dolores Salazar converted and/or misappropriated the Entrusted Sum, they were under the fiduciary duty to disburse the same to the subcontractors as they perform their respective duties.

22.     Defendants breached the duty by converting and/or misappropriating the Entrusted Sum for their own use and enjoyment.

SONG & LEE, LLP
4633 OLD IRONSIDES DR., STE. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

Case: 15-05081    Doc# 1    Filed: 07/13/15    Entered: 07/13/15 11:46:14    Page 6 of 8

23. By virtue of Defendants' aforementioned acts, Defendants hold any proceeds that they realized or any properties that they acquired from their conversion and misappropriation of the Entrusted Sum.

### FIFTH COUNT

### Common Count

(Against Both Kenneth and Dolores Salazar)

24. Plaintiff hereby re-alleges and incorporates the allegations stated in Paragraphs 1-10 by reference with equal force as if fully set forth herein below.

25. Within the last four years, Defendants became indebted to Plaintiff in the sum between $548,000 and $2,123,790 to be ascertained at the trial.

26. Plaintiff has repeatedly demanded payment from Defendants, having commenced an action against Defendants.

27. No payment has been made by Defendants to Plaintiff, and there is now owning the sum between $548,000 and $2,123,790 to be ascertained at the trial.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff WCQ prays for judgment as follows:

1. For an order denying the discharge of Debtors Kenneth and Dolores Salazar as to the debts arising from claims asserted by Creditor West Coast Quartz Corporation to the extent of the Entrusted Sum, or in the alternative, this Court deny the discharge of Debtors for any debts that fall within the scope of 11 U.S.C. § 523(a)(4) & (6);

2. For an order of accounting between Plaintiff WCQ and Defendants and for payment over to Plaintiff of the amount due from Defendants as a result of the accounting and interest on that amount from the date of the payment of the Entrusted Sum;

3. For an order imposing a resulting trust on all properties and proceeds that Defendants acquired or came to possess or be entitled to for the benefit of Plaintiff WCQ;

4. For an order awarding damages in the amount between $548,000 and $2,123,790 to be ascertained at the trial;

SONG & LEE, LLP
4633 OLD IRONSIDES DR., STE. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

1    5.    For attorneys' fees pursuant to the construction contract;

2    6.    For costs of suit incurred herein; and

3    7.    For such other and further relief as the court deems proper.

4  Dated: July 12, 2015

5                                    Respectfully submitted,

6                                    SONG & LEE, LLP

7                                    */s/ Brian H. Song*
                                     Brian H. Song, Esq. (SBN 188662)

8                                    Attorney   for   Plaintiff   N.A.   Sales
                                     Company, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONG & LEE, LLP
4633 OLD IRONSIDES DR., STE. 260
SANTA CLARA, CA 95054
TEL.: (408)748-3308; FAX: (408)748-3309